# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY VALESTINE MILLER TURNER,

      *Plaintiff,*

    v.

PRINCE GEORGE'S COUNTY PUBLIC
SCHOOLS, *et al.,*

      *Defendants.*

CIVIL ACTION
NO. 16-04524

## ORDER

**AND NOW**, this 31st day of March, 2017, upon consideration of the Complaint,

(ECF No. 3), and the Defendant's motion to dismiss, (ECF No. 5), it is hereby

**ORDERED** that the Motion is **GRANTED**.[1]  The Complaint is **DISMISSED** without

prejudice.

---

[1]     When reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citation omitted).  Moreover, the Court must liberally construe a *pro se* litigant's pleadings. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally." (internal quotations and citations omitted)).

     A motion made pursuant to Rule 12(b)(2) "is inherently a matter which requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  Once the defense has been raised, "the plaintiff must satisfy its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" and may not "rely on the bare pleadings alones." *Id.* (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700 (3d Cir. 1982)).  *Pro se* plaintiffs are not excused from this burden.  *See Urich v. J. Gordon & Co., Inc.*, No. 14-5490, 2015 WL 758555, at *3 (D.N.J. Feb. 23, 2015) ("[P]ro se litigants still bear the burden of showing that the case is properly before the court at all stages of the litigation." (internal quotations omitted)).

     Under Federal Rule of Civil Procedure 4(k), a district court typically exercises personal jurisdiction according to the law of the state where it sits.  *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007).  Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States and . . . based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 PA. C.S.A. § 5322(b).  To exercise personal jurisdiction over the Defendants, the Court must therefore determine whether, under the Due Process Clause, the

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Defendants have "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *O'Connor*, 496 F.3d at 316–17 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The individual Defendants—Delfrieda Hudson, Robert Gaskin and Traketa Wray—attached affidavits to their motion to dismiss averring that they are citizens of Maryland, *see* (ECF Nos. 5-2, 5-3, 5-4).  Prince George's County Public Schools are also in Maryland.  *See* (Hudson Aff., ECF No. 5-2).  Furthermore, Miller Turner served the Defendants in Upper Marlboro, Maryland, *see* (ECF No. 9), and none of the Defendants have consented to the exercise of personal jurisdiction by Pennsylvania courts, *see* (ECF Nos. 5-2, 5-3, 5-4).

Miller Turner, meanwhile, has not responded to the motion and therefore has not met her burden of producing any competent evidence to support the Court's exercise of personal jurisdiction over the Defendants.  *See Time Share Vacation Club*, 735 F.2d at 66 n.9.  While Miller Turner bears the burden of producing competent evidence beyond her pleadings, even her Complaint undermines the Court's exercise of personal jurisdiction over the Defendants.  She alleges that all the Defendants are citizens of Maryland, (Compl., at 1–2), and further alleges that all the events giving rise to her claims occurred in Upper Malboro, Maryland, (*id*. at 3.)  Considering the allegations in the Complaint and Miller Turner's failure to produce any competent evidence to support personal jurisdiction, exercising personal jurisdiction would run afoul of Pennsylvania's expansive long-arm statute.